AO 245B (Rev. 11/25)    Judgment in a Criminal Case    (Form modified within District on November 19, 2025)
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) ) | |
| JONATHAN VASQUEZ | ) ) ) ) ) ) | Case Number:  25 Cr. 177-2 (S2) |
| | | USM Number:  75813-511 |
| | | Meredith S. Heller |
| | | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Lesser-included offense of Count One; Count Two of the Superseding Information (S2).

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 841 and 846 (b)(1)(C) | Conspiracy to distribute narcotics | 4/30/2025 | One |
| 18 U.S.C. 924(c)(1)(A)(i) | and 2.  Firearm use, carrying, and possession. | 4/18/2025 | Two |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    all open counts    ☐ is    ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/27/2026
Date of Imposition of Judgment

Signature of Judge

Hon. Analisa Torres, U.S.D.J.
Name and Title of Judge

4/28/2026
Date

AO 245B (Rev. 11/25) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __8__

DEFENDANT:   JONATHAN VASQUEZ
CASE NUMBER:   25 Cr. 177-2 (S2)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

12 months' imprisonment on Count One, to be followed by 60 months' imprisonment on Count Two.

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that Mr. Vasquez be designated to serve out his sentence near the New York City metropolitan area.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
               Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT:   JONATHAN VASQUEZ
CASE NUMBER:  25 Cr. 177-2 (S2)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three years on Count One and on Count Two, to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

Judgment—Page    4    of    8

DEFENDANT:  JONATHAN VASQUEZ
CASE NUMBER:  25 Cr. 177-2 (S2)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 11/25)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page __5__ of __8__

DEFENDANT:  JONATHAN VASQUEZ
CASE NUMBER:  25 Cr. 177-2 (S2)

## SPECIAL CONDITIONS OF SUPERVISION

You must submit to a search of your property, residence, office, vehicle, papers, computers (as defined by Title 18, United States Code, Section 1030(e)(1)), cell phones, and other devices or media used for electronic communications, data storage, cloud storage, or network storage;

The probation officer may conduct a search under this condition only when there is reasonable suspicion that you have violated a condition of your supervision or committed a new crime, and that the areas to be searched contain evidence of this violation or crime.  The search must be conducted by a United States Probation Officer, although other law enforcement officers may assist the probation officer.  The search must be conducted at a reasonable time and in a reasonable manner.

Failure to submit to a search may be grounds for a revocation of release.

You will participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether you have reverted to using drugs or alcohol.  You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments.  The Court authorizes the release of available drug treatment evaluations and reports, including the Presentence Investigation Report, to the substance use disorder treatment provider.

It is recommended that you be supervised by your district of residence.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
　　　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___8___

DEFENDANT: JONATHAN VASQUEZ
CASE NUMBER: 25 Cr. 177-2 (S2)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $ _____ 0.00 | $ _____ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
                       Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___8___

DEFENDANT:  JONATHAN VASQUEZ
CASE NUMBER:  25 Cr. 177-2 (S2)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑ Lump sum payment of $ __200.00__ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with   ☐C,   ☐ D, or   ☐ F below); or

**C**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Rev. 11/25)   Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page ___8___ of ___8___

DEFENDANT:  JONATHAN VASQUEZ
CASE NUMBER:  25 Cr. 177-2 (S2)

## ADDITIONAL FORFEITED PROPERTY

As a result of committing the lesser-included offense of Count One, Mr. Vasquez shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

As a result of committing the offense in Count Two, Mr. Vasquez shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 18, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in or intended to be used in said offense, including but not limited to:

a. One Ruger, LCP, 380 caliber firearm bearing serial number 372357841;
b. One Smith & Wesson, Bodyguard, 380 caliber firearm bearing serial number EBT8745;
c. Twelve rounds of Blazer Auto 380 caliber ammunition;
d. Fifty black shells of Remington 16 gauge ammunition;
e. Twenty-two red shells of Winchester 16 gauge ammunition; and
f. Fifteen green shells of Remington 15 gauge ammunition.